UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CABEAU, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>GENEVA HOME FASHION, LLC,<br><br>        Defendant. | Civil Action No. 1:19-cv-5070-JSR<br><br>**DEMAND FOR JURY TRIAL** |

### **GENEVA HOME FASHION, LLC'S ANSWER AND COUNTERCLAIMS**

Defendant Geneva Home Fashion, LLC ("Defendant") answers the complaint ("Complaint") of plaintiff Cabeau, Inc. ("Plaintiff") as follows:

### **NATURE OF THE ACTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies each and every allegation contained therein.

### **PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and, on that basis, denies each and every allegation contained therein.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

### **JURISDICTION AND VENUE**

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits that this Court has personal jurisdiction over it, and admits that it has advertised, marketed, offered for sale and sold products in this District, but denies that its products infringe the asserted patents.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

## FACTUAL BACKGROUD

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, on that basis, denies each and every allegation contained therein.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies each and every allegation contained therein.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, denies each and every allegation contained therein.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, on that basis, denies each and every allegation contained therein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, on that basis, denies each and every allegation contained therein.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, on that basis, denies each and every allegation contained therein.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and, on that basis, denies each and every allegation contained therein.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies each and every allegation contained therein.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff's counsel contacted it on April 29, 2019, and denies all other allegations set forth in paragraph 19 of the Complaint.

## THE PATENTS-IN-SUIT

20. Defendant admits that the '402 patent has an issue date of July 13, 2010, and that Exhibit A constitutes a copy of the '402 patent, but denies all other allegations set forth in paragraph 20 of the Complaint.

21. Defendant admits that the '360 patent has an issue date of December 27, 2016, and that Exhibit B constitutes a copy of the '360 patent, but denies all other allegations set forth in paragraph 21 of the Complaint.

22. Defendant admits that the '962 patent has an issue date of May 2, 2017, and that Exhibit C constitutes a copy of the '962 patent, but denies all other allegations set forth in paragraph 22 of the Complaint.

## COUNT I
## INFRINGEMENT OF THE '402 PATENT

23. Paragraph 23 does not require a response.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

## COUNT II
## NFRINGEMENT OF THE '360 PATENT

29. Paragraph 29 does not require a response.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

### COUNT III
### NFRINGEMENT OF THE '962 PATENT

35. Paragraph 35 does not require a response.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiff's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(No infringement)**

2. Defendant has not infringed and does not infringe, directly, contributively, or by inducement, any valid and enforceable claim of the asserted patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

**(Invalidity)**

3. One of more claims of the asserted patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Notice)**

4. To the extent that Plaintiff asserts that Defendant has committed or is committing indirect infringement of the asserted patents, Defendant is not liable for its acts alleged to have been performed before Defendant knew that its actions could cause infringement.

## FIFTH AFFIRMATIVE DEFENSE
### (Recovery Barred by 35 U.S.C. §288)

5. Plaintiff's claims against Defendant for recovery are barred, in whole or in part, by 35 U.S.C. §288.

## SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

6. Defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Geneva Home Fashion, LLC ("Geneva Home"), for its counterclaims against Plaintiff and Counterclaim Defendant Cabeau, Inc. ("Counterclaim Defendant" or "Cabeau"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Geneva Home Fashion, LLC is a New York limited liability company with its principal place of business at 230 Fifth Avenue, Suite 612, New York, New York 10001.

2. On information and belief, Counterclaim Defendant Cabeau, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 21700 Oxnard Street, #900, Woodland Hills, CA 91367.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Geneva Home's federal claims pursuant to 28 U.S.C. §§1331 and 1338.

4. This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant has purposefully availed itself of the privilege of conducting activities in this forum by doing business in this District and initiating this legal action. Counterclaim Defendant has consented to personal jurisdiction by filing their Complaint against Geneva Home in this judicial district.

5. Venue is appropriate in this District pursuant to the provisions of 28 U.S.C. §§1391(b) and (c).

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and under the patent laws of the United States, 35 U.S.C. §1 et seq.

7. Cabeau has accused Geneva Home of infringing United States Design Patent No. D619,402 (the "'402 patent") and United States Patent Nos. 9,526,360 (the "'360 patent") and 9,635,962 (the "'962 patent")(collectively, the "Asserted Patents").

<b><u>FIRST CLAIM FOR RELIEF</u></b>

<b><u>Declaratory Judgment of Non-Infringement of U.S. Design Patent No. D619,402</u></b>

8. Geneva Home incorporates by reference the allegations set forth in paragraphs 1-7 of its Counterclaims.

9. The Counterclaim Defendant claims to own all rights, title, and interest in the '402 patent.

10. The Counterclaim Defendant has accused Geneva Home of infringing the '402 patent.

11. Absent a declaration that the Accused Product does not infringe the '402 patent, Counterclaim Defendant will continue to wrongfully assert the '402 patent against Geneva Home and thereby cause Geneva Home irreparable harm and injury.

12. A substantial, immediate, and real controversy therefore exists between Geneva Home and Counterclaim Defendant as to whether the Accused Product infringes the '402 patent.

13. Based on the foregoing, Geneva Home hereby requests a declaration from the Court that the Accused Product does not directly or indirectly infringe any claims of the '402 patent.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,526,360

14. Geneva Home incorporates by reference the allegations set forth in paragraphs 1-13 of its Counterclaims.

15. The Counterclaim Defendant claims to own all rights, title, and interest in the '360 patent.

16. The Counterclaim Defendant has accused Geneva Home of infringing the '360 patent.

17. Absent a declaration that the Accused Product does not infringe the '360 patent, Counterclaim Defendant will continue to wrongfully assert the '360 patent against Geneva Home and thereby cause Geneva Home irreparable harm and injury.

18. A substantial, immediate, and real controversy therefore exists between Geneva Home and Counterclaim Defendant as to whether the Accused Product infringes the '360 patent.

19. Based on the foregoing, Geneva Home hereby requests a declaration from the Court that the Accused Product does not directly or indirectly infringe any claims of the '360 patent.

## THIRD THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,635,962

20. Geneva Home incorporates by reference the allegations set forth in paragraphs 1-19 of its Counterclaims.

21. The Counterclaim Defendant claims to own all rights, title, and interest in the '962 patent.

22. The Counterclaim Defendant has accused Geneva Home of infringing the '962 patent.

23. Absent a declaration that the Accused Product does not infringe the '962 patent, Counterclaim Defendant will continue to wrongfully assert the '962 patent against Geneva Home and thereby cause Geneva Home irreparable harm and injury.

24. A substantial, immediate, and real controversy therefore exists between Geneva Home and Counterclaim Defendant as to whether the Accused Product infringes the '962 patent.

25. Based on the foregoing, Geneva Home hereby requests a declaration from the Court that the Accused Product does not directly or indirectly infringe any claims of the '962 patent.

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of U.S. Design Patent No. D619,402

26. Geneva Home incorporates by reference the allegations set forth in paragraphs 1-25 of its Counterclaims.

27. The Counterclaim Defendant claims to own all rights, title, and interest in the '402 patent.

28. The Counterclaim Defendant has accused Geneva Home of infringing the '402 patent.

29. The claims of the '402 patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§102, 103 and/or 112.

30. Absent a declaration that the claims of the '402 patent are invalid, Counterclaim Defendant will continue to wrongfully assert the '402 patent against Geneva Home and thereby cause Geneva Home irreparable harm and injury.

31. A substantial, immediate, and real controversy therefore exists between Geneva Home and Counterclaim Defendant as whether the claims of the '402 patent are invalid.

32. Based on the foregoing, Geneva Home hereby requests a declaration from the Court that the claims of the '402 patent are invalid.

## FIFTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,526,360

33. Geneva Home incorporates by reference the allegations set forth in paragraphs 1-32 of its Counterclaims.

34. The Counterclaim Defendant claims to own all rights, title, and interest in the '360 patent.

35. The Counterclaim Defendant has accused Geneva Home of infringing the '360 patent.

36. The claims of the '360 patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 102, 103 and/or 112.

37. Absent a declaration that the claims of the '360 patent are invalid, Counterclaim Defendant will continue to wrongfully assert the '360 patent against Geneva Home and thereby cause Geneva Home irreparable harm and injury.

38. A substantial, immediate, and real controversy therefore exists between Geneva Home and Counterclaim Defendant as whether the claims of the '360 patent are invalid.

39. Based on the foregoing, Geneva Home hereby requests a declaration from the Court that the claims of the '360 patent are invalid.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,635,962

40. Geneva Home incorporates by reference the allegations set forth in paragraphs 1-39 of its Counterclaims.

41. The Counterclaim Defendant claims to own all rights, title, and interest in the '962 patent.

42. The Counterclaim Defendant has accused Geneva Home of infringing the '962 patent.

43. The claims of the '962 patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 102, 103 and/or 112.

44. Absent a declaration that the claims of the '962 patent are invalid, Counterclaim Defendant will continue to wrongfully assert the '962 patent against Geneva Home and thereby cause Geneva Home irreparable harm and injury.

45. A substantial, immediate, and real controversy therefore exists between Geneva Home and Counterclaim Defendant as whether the claims of the '962 patent are invalid.

46. Based on the foregoing, Geneva Home hereby requests a declaration from the Court that the claims of the '962 patent are invalid.

## PRAYER FOR RELIEF

WHERFORE, Geneva Home seeks the following relief:

A. Declaring that the Accused Product does not directly or indirectly infringe the '402, '360 or '962 patents.

B. Declaring that the claims of the '402, '360 and '962 '963 patents are invalid;

C. Declaring that judgment be entered in favor of Geneva Home and against Counterclaim Defendant on each of Geneva Home's claims;

D. Finding that this is an exceptional case under 35 U.S.C. §285;

E. Awarding Geneva Home its costs and attorneys' fees in connection with this action; and

F. Such further and additional relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Geneva Home hereby demands a trial by jury on all issues properly triable before a jury.

Dated:  August 1, 2019                               Respectfully submitted,

/s/ Gaston Kroub
Gaston Kroub (GK6970)
gkroub@kskiplaw.com
KROUB SILBERSHER & KOLMYKOV PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 212.323.7442
*Attorneys for Geneva Home Fashion, LLC*